IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | Case No.: 1:19-cr-00502-GLR-1 |
| De'Angelo D. Johnson | * | |
| | * | |

MEMORANDUM AND ORDER

On October 22, 2019, a grand jury of this court returned a six-count indictment against Defendant, finding probable cause to support 5 counts of coercive sex trafficking and one count of drug distribution. (ECF No. 1.)

After initially consenting to detention, Defendant requested, and was granted, a detention hearing on November 18, 2020, with the Court finding detention was warranted based on the risk to the community that would be posed by Defendant's release. (ECF No. 45.) In so doing, the Court noted that each of the six counts carried a presumption of detention, and that detention was justified based on the nature of the offense (involving five alleged victims of coercive sex trafficking), Defendant's prior criminal history (which included several convictions for violent offenses), his poor performance on community supervision (with four prior violations), the fact that he was on probation at the time of the alleged offenses, and the fact that the proposed third-party custodian was typically away from the residence due to employment for twelve hours per day. *Id*.

On July 12, 2021, Defendant filed a Motion for Review of Detention Order. (ECF No. 56.) Defendant argues that changed circumstances as set forth in Section 3142(f) of the Bail Reform Act now justify his release on conditions of release. *Id*. The Government his filed its Opposition

(ECF No. 61) and Defendant has filed a Reply (ECF No. 62.)  The Court finds that no hearing is necessary.  For the reasons set forth more fully below, Defendant's Motion (ECF No. 56) is **DENIED**.

Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Defendant, however, does not point to any material information that has come to light since his detention hearing so as to justify conditional release. Rather, Defendant argues that discovery in his case to date (which is not yet concluded) has <u>failed to</u> uncover information that substantiates some of the original reasons for his detention:

> Although, we cannot provide definitive evidence to rebut the government's claims that Mr. Johnson intimidated victims, wielded a firearm, posted advertisements of victims without their permission, and required victims to purchase narcotics from him, the defense has conducted a significant investigation in the past eight months since the November 18, 2020 detention hearing and we have been unable to verify these claims. It has been nineteen months since Mr. Johnson's indictment, and we have no corroboration to any of these allegations regarding dangerousness.

(ECF No. 62 at 1-2.) Defendant also points to his "extended period of pretrial detention," which will be approximately 31 months by the time of his March, 2022 trial, "based on witness statements unavailable to the defendant until disclosure of *Jenks* materials" as another reason supporting conditional release. (ECF No. 56 at 2-3; ECF No. 62 at 2).

For its part, the Government emphasizes that this Court's detention decision was based (as it must be) on a *balancing* of the multiple factors set forth in Section 3142(g).  (ECF No. 61 at

2

2.) The Government maintains that sufficient evidence supports that Defendant made threats of physical violence, including one witnessed incident of physical abuse, together with leveraging the victims' drug addition to maintain their participating in prosecution for his benefit as supported by multiple witnesses. *Id.* Further, the Government argues that Defendant's length of detention is not undue, especially given the delays attributable to the COVID-19 pandemic. *Id.* at 3-4.

There are two deficiencies in the Defendant's argument. First, Section 3142(f) depends on previously unknown information material to the Court's detention decision. Here, Defendant argues that his investigation, and the discovery received to date, call into question the strength of the Government's previous proffer as to at least methods of coercion, a contention disputed by the Government. As Defendant concedes however, he has not yet received *Jenks* materials such that the full strength of the Government's case is not yet established. Moreover, absent evidence clearly contradicting a substantial and material component of the Government's previous proffer <u>and</u> a dearth of other Section 3142(g) factors favoring detention (neither of which is present here), the Court is not inclined to start weighing each side's evidence, short circuiting the discovery and pretrial process otherwise governing the case and invading the province of the jury.

Second, Defendant cites *United States v. El-Gabowny*, 35 F.3d 63, 65 (2nd Cir. 1994) for the proposition that pretrial detention is not meant to be indefinite and may, after a untoward amount of time, require a re-examination of the strength of the Government's original proffer on due process grounds. (ECF No. 62 at 2.) Although the Court agrees that such a review can be appropriate (and should also include an evaluation of the Government's responsibility, if any, for the delay), the *El-Gabowny* Court also noted that the defendant's projected detention twenty-

seven months in that case did not implicate such concerns. *Id.* Further, there has been no showing that the Government has played any role in the delay here, which is largely attributed to the COVID-19 pandemic.

Accordingly, Defendant's Motion (ECF No. 56) is **DENIED**.

 7/26/2021
Date

J. Mark Coulson
United States Magistrate Judge

